# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BRUCE WAYNE DEVRIES**                                                **PLAINTIFF**

**v.**                        **No: 4:18-cv-00059 BSM-PSH**

**RODNEY WRIGHT,** *et al.*                                      **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to Chief United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Bruce Wayne DeVries filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 23, 2018, while incarcerated at the Saline County Detention Facility (Doc. No. 2). DeVries was granted leave to proceed *in forma pauperis* and ordered to file an amended complaint identifying claims relating to only one issue, describing how each defendant violated his constitutional rights, describing how he was injured by each

defendant's actions, and explaining why he sued defendants in their official capacities only. Doc. No. 3.  DeVries filed an amended complaint on February 1, 2018, identifying almost 30 separate issues and indicating he is suing defendants in their official capacities only. *See* Doc. No. 5.  DeVries filed a second amended complaint on February 9, 2018, adding two defendants (Doc. No. 7).  For the reasons stated herein, DeVries' claims should be dismissed for failure to state a claim upon which relief may be granted.

### I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

DeVries seeks an award of money damages, the establishment of a grievance committee, and to have food portions and temperature controlled.  Doc. No. 5 at 14.  DeVries was instructed to limit his claims to those that are factually related to one another because multiple unrelated claims may not be prosecuted in a single action against multiple defendants.  *See* Fed. R. Civ. P. 20(a)(2).  DeVries should also not be allowed to defeat the filing fee requirements by joining multiple causes of action in one suit.  DeVries raises almost 30 separate issues against 29 defendants.  *See* Doc. No. 5.  He does not claim that all defendants are responsible for all his complaints.  *Id.* at 3-5.  Accordingly, the Court examines the viability of DeVries' complaint that he was denied adequate medical care.  *See* Doc. No. 5 at ¶¶ 24-27 & 35.  If DeVries wishes to pursue his other claims, he must file separate lawsuits.

With respect to DeVries' medical care claim, DeVries sues defendants in their official capacities only.  *See* Doc. No. 4.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity."  *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself.  *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998).  A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor.  *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013).  Accordingly, the defendant county employees can only be held liable in their official capacities in this case if DeVries can establish that a constitutional violation was

committed pursuant to "an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). DeVries does not assert that a custom or policy of Saline County was the moving force behind the claimed violations of his constitutional rights. Accordingly, his complaint fails to state a claim upon which relief may be granted and should be dismissed.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. DeVries' complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 22nd day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE